IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Coyne Marie LaMoreaux, ) | CIVIL ACTION NO. 2:14-2737-RMG-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| US Airways, Inc.; Douglas Parker, ) | |
| CEO, US Airways, Inc.; Camille Soto; ) | |
| and Brian McMurray, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, asserting a job discrimination claim against the Defendants. Plaintiff, a former employee of the Defendant US Airways at the Charleston International Airport, asserts that she was subjected to gender discrimination, presumably in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et. seq. While Plaintiff's Complaint does also allege at one point that "[i]n addition, Plaintiff's age (49) likely was a contributing factor", it is not clear whether she actually intended to assert a separate age discrimination claim.

The Defendant US Airways filed a Rule 12 motion to dismiss Plaintiff's age discrimination claim (assuming Plaintiff intended to assert one) on the ground that Plaintiff failed to include any allegations in her Complaint sufficient to maintain such a claim. See Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976) ["[W]here the claims in a complaint are insufficiently

1



supported by factual allegations, these claims may be properly dismissed by summary dismissal"]. This Defendant has also attached a copy of Plaintiff's administrative charge of discrimination to its motion, and asserts that even if an age discrimination claim was intended, Plaintiff failed to exhaust her administrative remedies with respect to any such claim as she did not assert an age discrimination claim in her administrative charge.[1]  The three named natural Defendants (Douglas Parker, Camille Soto and Brian McMurray) have also filed a motion to dismiss on the grounds that neither Title VII nor the Age Discrimination and Employment Act (ADEA) provide for individual liability.  See Lissau v. Southern Food Serv. Inc., 159 F.3d 177, 180 (4th Cir. 1998) [No individual liability under Title VII]; Alford v. Wang, Inc., No. 13-1166, 2014 WL 1314943, at * 5 (D.S.C. Mar. 31, 2014) [Same]; Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-511 (4th Cir. 1994) [No individual liability under the ADEA]; Williamson v. Patel, No. 13-279, 2013 WL 6568235, at * 3 (D.S.C. Dec. 13, 2013) [Same].

As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on August 13, 2014, advising Plaintiff of the importance of a dispositive motion and of the need for her to file an adequate response.  Plaintiff was specifically advised that if she failed to adequately contest the Defendants' motions, the cited claims and parties would be subject to dismissal.  In response to the Defendants' motions and the Court's Roseboro order, Plaintiff filed two stipulations on September 16, 2014, wherein she consents to the dismissal of any claim being asserted under the ADEA, and also consents to the dismissal of the three natural Defendants.

---

[1] This Court may consider Plaintiff's filings with the EEOC without converting Defendant's motion to dismiss into a motion for summary judgment.  See Adams v. US Airways, Inc., No. 10-1658, 2011 WL 1326054, at * 3, n. 1 (D.S.C. Mar. 16, 2011), adopted by 2011 WL 1261451 (D.S.C. Apr. 5, 2011), aff'd by, 451 Fed.Appx. 293 (4th Cir. Aug. 29, 2011).



Based on the foregoing, it is recommended that the Defendants' motions be **granted**, that any claim Plaintiff may have intended to assert under the ADEA be **dismissed**, and that the three named natural Defendants also be **dismissed** as party Defendants in this case. See Rule 41(a)(2), Fed.R.Civ.P. Plaintiff's gender discrimination claim under Title VII will then proceed against the Defendant US Airways.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 17, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

